# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MACK INDUSTRIES, LTD., *et al.*, | ) ) | Case No. 17-09308 (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Carol A. Doyle |
| DEIDRE SUDDUTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARIANE HOLTSCHLAG, as Ch. 7 Trustee, | ) ) | |
| Defendant. | ) | |
| | ) | |

## ADVERSARY COMPLAINT TO QUIET TITLE AND FOR OTHER RELIEF

NOW COMES the Plaintiff, DEIDRE SUDDUTH, through her attorneys Kerry A. Walsh of Fidelity National Law Group, and William S. Hackney of SmithAmundsen LLC, and as and for her Adversary Complaint to Quiet Title and for Other Relief state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 in that this proceeding arises in or is related to the above-captioned Chapter 11 case under Title 11.

2. Venue in this Court is proper pursuant to 28 U.S.C. §1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (b)(2)(O). If this proceeding is determined to be non-core, the Plaintiff consents to the entry of final orders by a Bankruptcy Judge.

1

**PARTIES**

1. Deidre Sudduth (the "Plaintiff") is the named grantee in a certain Warranty Deed dated July 14, 2020 and recorded with the Cook County Recorder of Deeds as Document No. 2029262055 on October 20, 2020 which purported to and which the Plaintiff argues did, in fact, grant her title to the property commonly known as 2441 178th Street, Lansing, Illinois (the "Property").

2. Defendant Ariane Holtschlag is named not individually but solely as the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of the Debtors (the "Trustee").

**ALLEGATIONS COMMON TO ALL COUNTS**

3. On or about December 22, 2014, Heirs of Erasmo Rodriguez: Norma Rodriguez, Lauren Rodriguez, and Michael Rodriguez executed and delivered an Heirs' Deed conveying their interests in the Property to Mack Industries II, LLC, which deed was later recorded by the Cook County Recorder of Deeds on January 6, 2015 as Document No. 1500646101.

4. On or about April 30, 2015, Mack Industries II, LLC executed and delivered a Quit Claim Deed conveying its interest in the Property to Mack Industries, Ltd., which deed was later recorded by the Cook County Recorder of Deeds on May 6, 2015 as Document No. 1512646052.

5. On or about May 22, 2015, Mack Industries II, LLC executed and delivered a Warranty Deed conveying its interest in the Property to Jeffry Howard Jones ("Mr. Jones"), which deed was later recorded by the Cook County Recorder of Deeds on June 5, 2015 as Document No. 1515641058.

6. Upon information and belief, the purchase and sale of the Property by Mack Industries II, LLC to Mr. Jones was an arms-length transaction made for good and valuable consideration upon reasonable terms according to market conditions on the date of the transaction.

7. Upon information and belief, the principals of Mack Industries II, LLC and Mack Industries, Ltd. believed that all right, title and interest in the Property owned by Mack Industries II, LLC and/or Mack Industries, Ltd. was conveyed to Mr. Jones via the deed purporting to convey title to the Property to Mr. Jones on May 22, 2015.

8. Upon information and belief, the principals of Mack Industries II, LLC and Mack Industries, Ltd. received good and valuable consideration for the transfer of all right, title and interest in the Property to Mr. Jones, which they believed was sufficient to compensate Mack Industries II, LLC and/or Mack Industries, Ltd. for such transfer of title.

9. On or about July 14, 2020, Mr. Jones executed and delivered a Warranty Deed conveying his interest in the Property to Plaintiff which deed was later recorded by the Cook County Recorder of Deeds on October 20, 2020 as Document No. 2029262055.

10. Mr. Jones paid all taxes owed for the Property between the time he received a deed from Mack Industries II, LLC until the time he executed a deed conveying his interest in the Property to the Plaintiff.

11. Plaintiff began paying taxes owed for the Property after receiving the deed from Mr. Jones and has continued paying such property taxes as were assessed by the Cook County Assessor throughout her ownership of the Property.

12. At no time since May 22, 2015 (the date of the deed to Mr. Jones) has Mack Industries II, LLC or Mack Industries, Ltd. paid any sum of property taxes owed for the Property.

13. At no time since May 22, 2015 (the date of the deed to Mr. Jones) has Mack Industries II, LLC or Mack Industries, Ltd. exercised any dominion or control over the Property.

14. At no time since May 22, 2015 (the date of the deed to Mr. Jones) has Mack Industries II, LLC or Mack Industries, Ltd. occupied the Property.

15. At no time since May 22, 2015 (the date of the deed to Mr. Jones) has Mack Industries II, LLC or Mack Industries, Ltd. questioned or in any manner contested the transfer of the Property to Mr. Jones.

16. At all times since May, 2015, Mr. Jones and Plaintiff have been in actual possession of the Property.

17. Possession of the Property by these parties has been exclusive and continuous since May, 2015 to the present date and has excluded Mack Investments II, LLC and Mack Industries, Ltd. entirely from possession of the Property.

18. Mr. Jones and Plaintiff have paid all sums due and owing to the Cook County Assessor for real property taxes assessed to the owner(s) of the Property.

19. Mr. Jones and Plaintiff have each individually and collectively believed that they held title to the Property during the period of their possession of the Property and payment of taxes.

20. Upon information and belief, Mr. Jones paid good and valuable consideration to the principals of the Debtors in exchange for what he believed to be a fee simple interest in the Property in or around May, 2015.

21. Likewise, Plaintiff paid good and valuable consideration to Mr. Jones in exchange for what she believed to be a fee simple interest in the Property in or around July, 2020.

22. Upon information and belief, Mack Industries, Ltd. paid no consideration for any right, title or interest in the Property it received from Mack Investments II, LLC in April, 2015.

23. Nevertheless, on February 3, 2022, counsel for the Trustee issued a letter to Plaintiff requesting that she turn over control of the Property to the Trustee for the benefit of the Debtors' creditors no later than February 28, 2022.

24. Upon information and belief, the identification of Mack Investments II, LLC as grantor in the deed purportedly conveying title of the Property to Mr. Jones was made solely by mutual mistake of all parties to the transaction and all attorneys, underwriters, title agents and others participating in the execution of the transaction.

25. Upon information and belief, Mack Industries, Ltd. did not lose any cash or assets due to these circumstances as it had made no investment of cash or assets in order to acquire title to the Property.

26. To balance the equities, title should be vested in the chain supported by consideration and arms-length transactions rather than by awarding title to the Property back to the Debtors' estate.

WHEREFORE the Plaintiff DEIDRE SUDDUTH asks this Honorable Court to enter an Order:

(1)     Finding that the transactions between Mack Industries II, LLC and Jeffry Howard Jones, and between Jeffry Howard Jones and the Plaintiff were arms-length transactions supported by market-appropriate consideration; and

(2)     Finding that, Mack Industries, Ltd. made no payment of cash or pledge of assets in order to obtain the interest in the Property now claimed by the Trustee; and

(3)     Finding that neither the Debtors' estate nor the Debtors' creditors will suffer any loss as a result of quieting title to the Property in Jeffry Howard Jones and the Plaintiff for the periods covered by their respective deeds; and

(4)     Holding that title to the property commonly known as 2441 178th St., Lansing, Illinois will be quieted in the names of the Plaintiff and her predecessor-in-interest on the dates indicated in each deed having previously purported to transfer title to that Property; and

(5) Barring any award of damages, rents, or other sums claimed by the Trustee against the Plaintiff; and

(6) For any further relief this Court may deem appropriate.

        Respectfully submitted,

        DEIDRE SUDDUTH,

By:   /s/Kerry A. Walsh                           By:   /s/William S. Hackney, III

Kerry A. Walsh                                      William Silas Hackney, III
FIDELITY NATIONAL LAW GROUP          SMITHAMUNDSEN, LLC
10 S. LaSalle Street, Suite 2750               150 N. Michigan Ave., Suite 3300
Chicago, IL 60603                                   Chicago, IL 60601
(312) 223 2760                                        (312) 894 3370
ARDC #6287628                                      ARDC #6256042